UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Schnur, *et al.*,

    Plaintiffs,

v.                                      Case No. 12-12115

Jeffory Shields,                Sean F. Cox
                                            United States District Court Judge

    Defendant.

_____/

## **OPINION & ORDER**

The matter is currently before the Court on: 1) a motion asking the Court to set aside sanctions imposed on attorney T. Edward Williams; 2) a motion wherein attorney T. Edward Williams asks to withdraw from representing Defendant Jeffory Shields in this action; and 3) Plaintiffs' motion seeking entry of a default judgment against Defendant Jeffory Shields.

The Court held a hearing on January 13, 2014, at which time the Court denied the motion to withdraw and then Plaintiffs' Counsel presented evidence as to Plaintiffs' damages. This Court now memorializes its ruling denying the motion to withdraw, and denies the motion to set aside sanctions.

In addition, for the reasons set forth below, the Court denies Plaintiffs' request for punitive damages and denies their request for an award of attorney fees under 28 U.S.C. § 1927. Having heard evidence as to the amount of damages incurred, the Court shall issue a default judgment against Defendant Jeffory Shields, awarding Plaintiff John Schnur a total of $304,450.50 in damages, and awarding Plaintiff Douglas Schnur a total of $85,523.50 in

1

damages.

## BACKGROUND

Plaintiffs John Schnur and Douglas Schnur filed this action against Defendant Jeffory Shields and two different corporate entities on May 9, 2012. The two corporate Defendants have since been dismissed, leaving only Defendant Shields.

Plaintiffs' Second Amended Complaint (Docket Entry No. 11) asserts the following claims, which are based upon an alleged fraudulent oil and gas investment scheme perpetrated by Shields: "Intentional Misrepresentation and Fraud" (Count I); "Negligent Misrepresentation" (Count II); "Aiding and Abetting Civil Conspiracy" (Count III); "Breach of the Covenant of Good Faith and Fair Dealing" (Count IV); and "Breach of Fiduciary Duty" (Count V[1]). The Second Amended Complaint seeks judgment "in excess of $75,000.00" as to each of the counts. It does not request punitive damages.

Attorney T. Edward Williams has been representing Shields in this action since June 15, 2012, and he appeared for a Scheduling Conference in this matter on November 14, 2012. The following day, November 15, 2012, this Court issued its Scheduling Order (Docket Entry No. 16).

The Final Pretrial Conference in this matter was scheduled for November 18, 2013. Counsel for Plaintiffs contacted chambers shortly prior to that date, however, to advise that he could not prepare a joint final pretrial order because he could not contact Defense Counsel. In addition, mail addressed to Defense Counsel had been returned to the Court as undeliverable and Defense Counsel had not provided the Court with any new contact information. Nevertheless,

---

[1]This Count is also listed as Count "IV" in the Second Amended Complaint.

the Court's Docket Manager was able to locate Williams at a new firm and determine his contact information.

In an Order issued on November 13, 2013, this Court ordered: 1) Williams to immediately register as an e-filer on the ECF system; 2) Williams to file a notice advising the Court of his complete current contact information; 3) Williams to immediately contact Plaintiffs' Counsel to prepare a proposed joint final pretrial order, and cautioned it may impose sanctions if he failed to do so; 4) Williams and Shields to personally appear for the November 18th Joint Final Pretrial Conference and cautioned that if they failed to appear, the Court "may impose sanctions, including an award of costs and fees incurred by Plaintiff and his Counsel for having appeared for the conference and/or the entry of a default judgment in this action." (Docket Entry No. 21). Notably, this Court's Docket Manager not only mailed the notice to both addresses for Williams, but also e-mailed the order to Williams. And Williams actually received the order because he called chambers after receiving it – claiming he no longer represented Shields. This Court's Docket Manager advised Williams that, according to the docket, he was still representing Shields and that no motion to withdraw had been filed or granted in this case.

Nevertheless, neither Shields nor Williams appeared for the November 18th Final Pretrial Conference. Thereafter, on November 19, 2013, the Court issued an "Order Entering Default Against Defendant And Imposing Sanctions Against Defense Counsel T. Edward Williams." (Docket Entry No. 23). As to Williams, the Court imposed sanctions in the amount of $460.16, to be paid to Plaintiffs' Counsel within 10 days of the order.

On December 3, 2013, Williams mailed two written motions to the Court – although the Court had already ordered him to immediately become an "e-filer," as mandated by the Local

Rules. In the first motion, Docket Entry No. 27, Williams asks the Court to set aside the sanctions imposed against him. In the second motion, Docket Entry No. 28, Williams seeks to withdraw from representing Shields in this action.

The Court set all three motions for hearing on January 13, 2014. On that date, Plaintiffs' Counsel appeared along with both Plaintiffs, John Schnur and Douglas Schnur. Williams also appeared.

At the beginning of the hearing, the Court ruled from the bench and denied the motion to withdraw as unsupported and untimely. The Court ruled that it was taking the motion asking the Court to set aside sanctions under advisement, and then proceeded with the hearing to determine the amount of damages, if any, to which Plaintiffs are entitled.

## ANALYSIS

**I.     The Court Hereby Memorializes Its Ruling Denying The Motion To Withdraw.**

Williams sought to withdraw from representing Shields in this action. His motion referenced a "new attorney" for Shields, who is aware of all deadlines in the case – but no other attorney has filed an appearance on behalf of Shields. As to the reason for his request to withdraw, Williams stated only, without any further explanation, that:

> 2.      Withdrawal is appropriate for grounds specified in the Colorado Rules of Professional Conduct 1.16. A full description of the basis for seeking withdrawal would violate Colorado Rule of Professional Conduct 1.6(a). In addition, the undersigned counsel is withdrawing because he has changed law firms and Mr. Shields has not signed an engagement agreement with the undersigned's new law firm.

(Docket Entry No. 28). William's five-paragraph motion was not accompanied by a supporting brief. The only attachments to that motion were filings from other cases involving Shields, a

4

"Notice of Non-Participation" Williams filed in a case before the Tenth Circuit, and an "Order Granting Motion To Dismiss" in a case before the United States District Court for the District of Colorado).

This Court denied Williams's Motion to Withdraw on January 13, 2014, finding that Williams's Motion to Withdraw does not establish an appropriate ground for withdrawal, especially at this late stage of the litigation.

## II. The Court Denies The Motion To Set Aside Sanctions.

In this motion, Docket Entry No. 27, Williams asks the Court to set aside the sanctions previously imposed against him. This motion lacks merit. Williams essentially states that he advised his client he was going to file a motion to withdraw back in October of 2012, and that he mailed a motion seeking to withdraw in this case on December 7, 2012 – but mailed it to the wrong address. The motion to withdraw that he attaches, however, is not from this case. Rather, it is from a criminal case in Colorado. Moreover, Williams knew when he got this Court's November 13, 2013 Order that the Court still considered him to be representing Shields in this case and was ordering him to appear on November 18th. Williams also knew, by virtue of his conversation with this Court's Docket Manager, that no motion to withdraw had been filed or granted in this case and that he had been ordered to appear on November 18th. The Court DENIES this motion.

## III. The Court Shall Issue A Default Judgment In Favor Of Plaintiffs.

This Court entered a default on behalf of Shields as a sanction for his failure to appear for the Final Pretrial Conference. Thus, Shields's liability as to Counts I, II, III, and V of Plaintiffs'

Second Amended Complaint is now established.[2]

In order to obtain a default judgment, the proponent must seek entry of a default judgment from the clerk or by the Court. FED. R. CIV. P. 55(b). Here, Plaintiffs' damages are unliquidated and thus Plaintiffs applied to this Court for entry of a default judgment against Defendant Shields. Where damages are unliquidated, a default admits only the defendant's liability and the amount of damages must be proved. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, this Court must make an appropriate inquiry into in order to ascertain the amount of damages. *Vesligaj v. Peterson*, 331 Fed.Appx. 351, 355 (6th Cir. 2009).

### A. Amount Of Damages

Entry of default judgment by the Court is governed by Fed. R. Civ. P. 55(b)(2), which provides in pertinent part that the Court may conduct hearings in order to determinate the amount of damages. Thus, the rule "allows but does not require the district court to conduct an evidentiary hearing." *Yesligaj v. Peterson*, 331 F. App'x. 351, 354 (6th Cir. 2009).

This Court held an evidentiary hearing on January 13, 2014. Plaintiffs' Counsel presented testimony from Plaintiffs, along with documentary evidence. Defense Counsel cross-examined the Plaintiffs.

Having observed the evidence and the witnesses who testified at the evidentiary hearing, allowing for this Court to assess credibility, having considered the arguments presented by counsel, and having applied the governing legal principles, the Court finds that Plaintiff John Schnur incurred damages in the total amount of $304,450.50, and that Plaintiff Douglas Schnur

---

[2]Michigan does not recognize claim for breach of an implied covenant of good faith and fair dealing. *Coyer v. HSBC Mortgage Svs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012).

incurred damages in the total amount of $85,523.50. The Court shall issue a default judgment awarding Plaintiffs those compensatory damages.

### B. Request For Punitive Damages

At the January 13, 2014 hearing, Plaintiffs' Counsel requested that the Court also award Plaintiffs punitive damages. Fed. R. Civ. P. 54(c), however, provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Here, Plaintiffs' Second Amended Complaint[3] does not request punitive damages. Accordingly, the default judgments issued in favor of Plaintiffs may not include punitive damages.[4] The Court DENIES Plaintiffs' request for an award of punitive damages.

### C. Request For Attorney Fees Under 28 U.S.C. § 1927

Plaintiffs' also ask the Court to award them attorney fees under 28 U.S.C. § 1927. Plaintiffs contend that Defense Counsel failed to respond to the Court's orders and therefore "vexatiously and unreasonably delayed this case." (Pls.' Br. at 3).

Section 1927 provides that "[a]ny attorney or other person admitted to conduct cases in any court of the United States" "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. An award is discretionary under the statute. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.,* 88 F.3d 368,375 (6th Cir. 1996).

---

[3]Plaintiffs' Motion for Default Judgment also failed to request punitive damages.

[4]Moreover, even if this Court had the discretion to award punitive damages, it would decline to do so here because Plaintiffs' Counsel did not even articulate the standard for an award of punitive damages, much less establish that such damages are warranted here.

The Court DENIES Plaintiffs' request for an award under § 1927. This not a case where a party or its attorney took actions that caused unnecessary legal fees to be incurred by the opposing party by, for example, filing frivolous motions or failing to cooperate during discovery. Rather, Defendant has simply failed to defend himself beyond filing an answer. That is simply not the kind of conduct that warrants an award under § 1927. In addition, Plaintiff's Counsel has already been awarded the amount incurred due to Defense Counsel's failure to appear for the Final Pretrial Conference. No further sanctions are warranted.

Dated:  January 21, 2014                    S/ Sean F. Cox
                                            Sean F. Cox
                                            U. S. District Court Judge


I hereby certify that on January 21, 2014, the foregoing document was served upon counsel for Plaintiffs by electronic means and upon T. Edward Williams by First Class Mail at the address below:

T. Edward Williams
Williams LLP
600 17th Street, Suite 2800 South
Denver, CO 80202

T. Edward Williams
Benjamin, Bain, Howard & Cohen, LLC
7315 E. Orchard Road, Suite E400
Greenwood Village, CO 80111

Dated:  January 21, 2014                    S/ J. McCoy
                                            Case Manager